IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

03 OCT -3 PM 1:53

U.S. DISTRICT COURT
N.D. OF ALABAMA

CRC INSURANCE SERVICES, INC.,        )
f/k/a COONEY, RIKARD & CURTIN,       )
INC.,                                )
                                     )
        Plaintiff,                   )       CIVIL ACTION NO.
                                     )       03-AR-2664-S
v.                                   )
                                     )
HEIDI TRIVERI MCDONALD,              )
                                     )       ENTERED
        Defendant.                   )
                                     )       OCT 3 2003

### MEMORANDUM OPINION

Every case seems to have a unique feature or two, but this
case is uniquely unique.  Upon an allegation of diversity of
citizenship, it was removed from the Circuit Court of Jefferson
County, Alabama, to this court by defendant, Heidi Triveri McDonald
("McDonald"), a resident of Florida, after plaintiff, CRC Insurance
Services, Inc. ("CRC"), a resident of Alabama, had already obtained
a temporary restraining order from the state court enforcing a non-
competition agreement against McDonald and setting an expedited
hearing on CRC's trailing petition for a preliminary injunction.
McDonald has accompanied her notice of removal with a motion
addressed to this court seeking a vacation of the state court's
TRO, a procedure that, in effect, calls upon this court to review
and to reverse the state court's temporary restraining order that
was entered under the Alabama Rules of Civil Procedure.  To find
that the state court's order was erroneous would involve a decision
under Alabama procedural law.

3

At the hearing conducted by this court on September 29, 2003, on McDonald's motion to vacate the state court's TRO, CRC, unsurprisingly, orally moved to remand the case, taking the position that McDonald has not met her burden of proving the existence of the $75,000 amount-in-controversy requirement for jurisdiction under 28 U.S.C. § 1332.

If CRC had originally filed its complaint in this court, it would have been required to satisfy the court that it has subject matter jurisdiction.   If, under such circumstances, the jurisdiction invoked by plaintiff had been based upon diversity, CRC would have had the burden of proving the existence of at least $75,000 in controversy.  Whether CRC chose the state forum because it feared an inability to prove $75,000 in controversy, or for some other reason, will remain a mystery and as much a matter of speculation as whether $75,000 in controversy does, in fact, exist. Who has the burden of proving the existence of $75,000 in controversy is, of course, an important, if not a crucial, question in resolving the jurisdictional question.   Under the procedural circumstances here appertaining, the burden of proving the jurisdictional amount is firmly upon the removing defendant.

The reason more weight is placed on a removing defendant than on an original plaintiff to prove the jurisdictional requisites is not simply that federal courts are courts of limited jurisdiction, because an original plaintiff is faced with that fact.  When a case

properly filed in a state court is removed to a federal court, the principles of federalism are immediately triggered, enhancing the degree of scrutiny the federal court must give the question of its superceding jurisdiction.  A substantial addition to the removing defendant's jurisdictional hurdle is created when, as in this case, the federal court is not only being asked to assume jurisdiction over a case originally filed in a state court, but is being asked to rethink and reverse what appears to be a lawful order entered by the state court under its procedural and substantive rules.  The parties have not furnished this court with any discussion of the abstention possibilities in a removed case in which the removal occurred after the state court has entered an injunction upon a finding that irreparable harm would result otherwise.  From what this removing defendant asserts as her defenses on the merits, there are seriously disputed issues of Alabama law that might very well require this court, if it should not remand the case, to certify them to the Supreme Court of Alabama.

Although CRC seeks a preliminary and a permanent injunction, the TRO has already stopped McDonald from competing.  The question is not whether she should be restrained, but whether the restraint should be extended.  Any economic injury to CRC ceased at the moment the TRO was entered.  CRC does not seek and could not seek non-economic damages.  There was a very abbreviated period of time that elapsed between McDonald's leaving CRC's employ and the

3

issuance of the TRO.  CRC's potential economic loss **at the time of the removal**, which is the critical moment for examining this court's jurisdiction, cannot realistically be expected to exceed $75,000.  The adverse economic impact on her from preventing her from competing with her former employer for a period of two years cannot be considered in evaluating the amount-in-controversy, because it is only the perspective of the **plaintiff** that has any significance in assessing the amount-in-controversy. *See Ericsson GE Mobile Comm., Inc. v. Motorola Comm. & Electronics, Inc.*, 120 F.3d 216 (11th Cir. 1997).  Although the damage to McDonald in the event the injunction is erroneous could prove to be substantial, that is not the measure.  If it were the measure, the state court judge who fixed a $5,000 injunction bond apparently did not think McDonald's potential damage could reach $75,000.

The conclusory allegation by McDonald that the amount in controversy exceeds $75,000 is speculative.  It constitutes wishful jurisdictional thinking.  The potential monetary recovery by CRC against McDonald, and the value to CRC of injunctive relief against McDonald for the two year period of the non-competition agreement, could not reach the sum of $75,000, and it is McDonald's burden to prove the probability that the **worth to CRC** of the relief sought by it exceeds $75,000.  The theoretical value to CRC of having its non-competition agreement vindicated cannot be translated into a monetary amount. *See Fidelity Warranty Servs., Inc.*, 45 F. Supp.

4

2d 1284 (N.D. Ala. 1999).   McDonald has not met her burden.

Accordingly, a separate order of remand will be entered.

DONE this ___3 rd___ day of October, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5